ELECTRONICALLY FILED
Washington County Circuit Court
Kyle Sylvester, Circuit Clerk
2020-May-26 10:56:46
72CV-20-1237
C04D02 : 10 Pages

IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
CIVIL DIVISION

**KYLE GARRETT**                                                                                          **PLAINTIFF**

vs.                          **CASE NO.: 72CV-20-_____**

**HELENA AGRI-ENTERPRISES, LLC;**
**STEVEN RAY DEVOSS;**
**JOHN DOES 1-5**                                                                                         **DEFENDANTS**

## COMPLAINT

COMES NOW, Kyle Garrett, by and through his attorneys, Denton & Zachary, PLLC, and for his Complaint, state and allege as follows:

### I. INTRODUCTION

1. This is a negligence action arising out of a motor vehicle collision wherein Kyle Garrett (hereafter "Garrett"), was struck by a commercial motor vehicle driven by Steve Ray Devoss (hereafter "Devoss") while driving on Interstate 49 in Washington County, Arkansas. Separate Defendant Helena Agri-Enterprises, LLC had control over the commercial motor vehicle driven by Separate Defendant Devoss at all times during the collision in question. Plaintiff brings this negligence lawsuit under Arkansas law, seeking to be made whole and recover compensatory, actual, consequential, special, and all other damages permitted by law.

### II. PARTIES

2. Plaintiff Garrett is a resident of Van Buren, Arkansas.

3. Separate Defendant Helena Agri-Enterprises, LLC (hereafter "Helena") is a foreign limited liability company authorized to do business in Arkansas. Helena is an over-the-road, interstate motor carrier with its principal base of operations located in Collierville, TN. Separate Defendant Helena can be served through its registered agent **CT Corporation System** at **124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 7201.** At all times herein, Defendant Helena had control over the commercial motor vehicle driven by Devoss.

4. Separate Defendant Devoss is a resident of Great Falls, Montana and employee of Separate Defendant Helena. Defendant Devoss' address is **820 53rd Street South, Great Falls, Montana 59405.** At all relevant times herein, Defendant Devoss was under the control of or acting as an agent/servant/employee within the State of Arkansas, in course and scope of his employment with Helena and in furtherance of the financial interests of Helena.

5. Separate Defendant John Does I-V, to the best of the Plaintiff's information and belief, are individuals and/or companies who will be discovered during the discovery process. The John Doe parties are unknown to Plaintiff and their attorneys at this time. *See* Affidavit of Counsel, filed with this complaint pursuant to Ark. Code. Ann. § 16-56-125, attached hereto as **Exhibit A**.

### III. JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to Ark. Const. art. 7 § 11, which says that circuit courts shall have jurisdiction in all civil cases; and

pursuant to Ark. Code Ann. § 16-13-201, which says that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

7. Further, jurisdiction is proper in circuit court in the State of Arkansas because the claims in this lawsuit involve primarily Arkansas state law claims.

8. Venue is proper in Washington County, Arkansas, in that it is the county in which a substantial part of the event or omissions giving rise to the cause of action occurred.

## IV. STATEMENT OF FACTS

9. On November 19, 2019, Plaintiff Garrett was reasonably and prudently traveling southbound on Interstate 49.

10. On or about the same time, Separate Defendant Devoss was driving Separate Defendant Helena's commercial motor vehicle southbound on Interstate 49.

11. Plaintiff made a lawful lane change into the far-left lane on Interstate 49.

12. While Plaintiff was fully in the far-left lane, Defendant Devoss lost control of his commercial motor vehicle and drifted into the far left lane being occupied by Plaintiff.

13. Due to Defendant Devoss' negligence in keeping control of the commercial vehicle and proper spacing, Defendant Helena's commercial motor vehicle impacted Plaintiff's vehicle causing him injury

14. At all times, Plaintiff was driving safely and prudently while maintaining his vehicle in his lane of travel.

15. As a direct and proximate cause and result of Defendants' negligent conduct, Plaintiff suffered physical and personal injuries for which he seeks compensation in excess of the amount required for federal diversity jurisdiction.

## V. CAUSES OF ACTION

### A. Count I – Direct and Vicarious Liability of Defendants Helena

16. The preceding paragraphs are hereby adopted and incorporated by reference.

17. At the time of the accident, Defendant Devoss was an employee of Separate Defendant Helena and was operating under the policies and supervision of Defendant Helena.

18. Defendant Helena hired Defendant Devoss and all times of his employment retained control and authority over him, including the power to allow him to drive vehicles owned by Defendant Helena and make deliveries for Defendant Helena.

19. At the time of the accident, Separate Defendant Devoss was being paid by Defendant Helena for furthering the business interests of Defendant Helena.

20. Defendant Devoss and his employer Defendant Helena had a direct and affirmative non-delegable duty, as a commercially licensed trucking operation, to safely and jointly operate their semi-tractor trailer on interstate highways in a reasonably prudent manner and with the highest degree of care.

21. At all relevant times, Defendant Devoss was acting as an agent/employee/servant within the scope and course of his employment with Defendant Helena, subject to its direction and control while furthering Defednant Helena's business interests and financial enterprise on interstate highways in the State of Arkansas.

22. Defendant Helena is affirmatively negligent and directly and vicariously liable, under the doctrine of *respondent superior* and imputed conduct, for the conduct of its agent and employee, Defendant Devoss, within the course and scope of his employment.

23. Defendant Devoss is an agent and employee of Defendant Helena who was tasked by Defendant Helena to drive a tractor-trailer through the state of Arkansas on Interstate 49.

24. The acts and omissions of Defendant Devoss are directly imputed to his employer and principle, Defendant Helena. Defendant Devoss's negligent and careless acts and omissions occurred while he was within the scope and course of his employment and in furtherance of the business interests of Defendant Helena on the public roads and interstate highways in the State of Arkansas.

25. Defendant Helena failed to train, supervise, monitor and control its employees, including Defendant Devoss, regarding the rules, regulations, procedures and policies applicable to commercial drivers operating tractor-trailer trucks on the roads of the United States.

26. Defendant Helena failed to have policies and/or procedures in place to prevent its drivers, including Defendant Devoss, from operating Defendant

Helena's semi tractor-trailer and motor vehicle equipment in a negligent and/or reckless manner.

27. Defendant Helena through its actions and inactions, adopted a policy in which it allowed and encouraged, rather than discouraged, Defendant Devoss to drive in the negligent and reckless manner in which Defendant Devoss was driving at the time that he collided with Plaintiff.

28. Defendant Helena was itself willful and wanton in its conduct, as it had notice or could have foreseen that Defendant Devoss would act willfully, wantonly, or with conscience indifference.

29. As a direct and proximate result of the acts and omissions of Defendant Helena, as described above, Plaintiff suffered severe and permanently disabling injuries, for which he seeks compensation in excess of the amount required for federal diversity jurisdiction.

### B. Direct Negligence of Defendant Devoss

30. The preceding paragraphs are hereby incorporated by reference.

31. Defendant Devoss, was directly and affirmatively careless and negligent in the State of Arkansas, including, but not limited to, the following particulars:

    a. Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

b. Driving in such a careless manner as to evidence a failure to maintain proper control of the vehicle, in violation of Ark. Code Ann. § 27-51-104(a),(b)(6), & (b)(8);

c. Failing to maintain a proper lookout for other traffic, in violation of the common law of Arkansas;

d. Failing to maintain control of the vehicle, in violation of the common law of Arkansas;

e. Failing to yield the right-of-way to other vehicles, in violation of the common law of Arkansas;

f. Failing to obey the "rules of the road" in violation of the common law of Arkansas;

g. Failing to comply with Federal and State law, accepted traffic safety engineering principles, and local laws governing safety and health including, but not limited to Federal Highway Administration regulations and Arkansas State Highway and Transportation Department Standards;

h. Failing to exercise the degree of care that an ordinary prudent person would exercise under the facts and circumstances as they existed at the time of the accident;

i. Failing to operate a motor vehicle upon Arkansas roadways in such a way as to avoid injuring someone, in violation of the common law of Arkansas; and

    j.    Failing to operate a reasonably safe semi-tractor trailer with adequate equipment, lighting and braking, in a reasonably prudent and safe manner, and in accordance with the minimum requirements found in the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 390, 391, 392, 393, *et seq.*

32. It was foreseeable that the failure of Defendant Devoss to operate the semi-tractor trailer in question in a reasonably prudent and safe manner on an interstate highway in the State of Arkansas, would present and cause an appreciable risk of serious harm or danger to other public users and travelers on the interstate highway system, including Plaintiff.

33. The above-referenced Arkansas statutes and the Federal Motor Carrier Safety Regulations were enacted and intended to protect motorists, passengers, and pedestrians from the dangerous operation of vehicles, including semi-tractor trailers operating upon public roadways and interstate highways. At the time of the statutory violations alleged above, Plaintiff was a motorist on an interstate highway, and thus belonged to the class of persons that these Arkansas statues and the Federal Motor Carrier Safety Regulations were enacted and intended to protect.

34. As a direct and proximate result of the acts and omissions of Defendant Devoss, as described above, Plaintiff suffered severe and permanently disabling injuries, for which he seeks compensation in excess of the amount required for federal diversity jurisdiction.

## VI. PROXIMATE CAUSATION

35. Plaintiff repeats and re-alleges each and every allegation set forth above as if fully and completely set forth at length herein.

36. As a direct and proximate result of the negligent acts and/or omissions as alleged herein, Plaintiff suffered injuries and damages as set forth herein, for which he is entitled to compensation.

## VII. DAMAGES

37. Plaintiff is entitled to the following measure of damages:

    a. The nature, extent, duration and permanency of his injuries;

    b. The full extent of the injuries he sustained;

    c. The expense of medical care, treatment and services received, including transportation, board and lodging expense and expenses that will be required in the future;

    d. Pain, suffering, embarrassment, humiliation and mental anguish experienced in the past, present and reasonable expected to be experienced in the future;

    e. Loss of enjoyment of life or hedonic damages;

    f. The visible results of any scarring and disfigurement;

    g. The value of any earnings, profits, or salary lost in the past, present and that will be lost in the future;

    h. Personal property loss and consequential damages.

38. The injuries and damages described herein have been suffered in the part and will continue into the future.

## X. DEMAND AND PRAYER FOR RELIEF

39. Plaintiff requests a jury trial on all issues herein.

40. Plaintiff reserves his right to amend the Complaint to conform to proof.

41. Plaintiff reserves the right to file additional and supplemental pleadings after further investigation and discovery and additional facts are ascertained.

WHEREFORE, Plaintiff Kyle Garrett hereby prays for a judgment and verdict against Defendants Steve Ray Devoss and Helena Agri-Enterprises, LLC, both jointly and severely, awarding actual, special, compensatory and consequential damages against Defendants to the extent permitted by law; for an award of costs and attorney's fees, including and costs and expenses expended in recovering on any judgment; and for all other relief at law or equity to which he is entitled.

Respectfully submitted,

DENTON & ZACHARY, PLLC
Andrew Norwood, ABN 2017107
Justin Zachary, ABN 2010162
700 S. German Lane, Suite 101
Conway, Arkansas 72034
Tel: (501) 358-4999
Fax: (501) 358-4737
Email: andrew@dentonandzachary.com
justin@dentonandzachary.com

ELECTRONICALLY FILED
Washington County Circuit Court
Kyle Sylvester, Circuit Clerk
2020-May-26  10:56:46
72CV-20-1237
C04D02 : 2 Pages

IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
CIVIL DIVISION

KYLE GARRETT                                                          PLAINTIFF

vs.                  CASE NO.: 72CV-20-_____

HELENA AGRI-ENTERPRISES, LLC;
STEVEN RAY DEVOSS;
JOHN DOES 1-5                                                  DEFENDANTS

### AFFIDAVIT OF COUNSEL

I, Andrew Payne Norwood, Plaintiff's attorney, pursuant to Ark. Code Ann. § 16-56-125(c), submit this affidavit in support of the Complaint, filed contemporaneously herewith. I solemnly swear the following facts and information are true and correct to the best of my information and belief:

1. I am one of the attorneys for the Plaintiff in this matter.

2. Neither I nor my client know the identities of the John Doe designations set forth in the pleading.

3. Upon determining the identity of the unknown parties responsible for the injuries and damages sustained by Plaintiff and the decedent, I will timely amend the Complaint and specifically designate the names of the unknown parties.

4. This Affidavit is filed in accordance with Ark. Code Ann. § 16-56-125.

**FURTHER AFFIANT SAYETH NOT.**

_____
Andrew Payne Norwood, ABN 2017107

Page 1 of 2

Denton & Zachary, PLLC
600 S. German Lane, Suite 101
Conway, Arkansas 72034
Phone:    501-358-4999
Fax:      501-358-4737
Email:    andrew@dentonandzachary.com

STATE OF ARKANSAS  )
                   )  ss.
COUNTY OF LONOKE   )

SUBSCRIBED AND SWORN TO before me, a Notary Public, this 21th day of May 2020.

OFFICIAL SEAL - #12391662
KELLIE D. HUGGS
NOTARY PUBLIC-ARKANSAS
LONOKE COUNTY
MY COMMISSION EXPIRES: 01-10-23

_____     _____
       SEAL                      Notary Public

                            1-10-2023
                         _____
                           My Commission Expires